FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2015 NOV -3  A 11: 53

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | * |
| SUCCESSOR TO WELLS FARGO | * |
| BANK, N.A., AS TRUSTEE FOR THE | * |
| REGISTERED HOLDERS OF | * |
| J.P. MORGAN CHASE COMMERCIAL | * |
| MORTGAGE SECURITIES TRUST | * |
| 2007-LDP10, COMMERCIAL | * |
| MORTGAGE PASS-THROUGH | * |
| CERTIFICATES, SERIES 2007-LDP10 | * |
| BY:   C-III ASSET MANAGEMENT LLC, | * |
| A DELAWARE LIMITED LIABILITY | * |
| COMPANY, SUCCESSOR TO | * |
| J.E. ROBERT COMPANY, INC., | * |
| IN ITS CAPACITY AS SPECIAL SERVICER | * |
| PURSUANT TO THAT CERTAIN | * |
| AMENDED AND RESTATED POOLING | * |
| AND SERVICING AGREEMENT DATED | * |
| JULY 30, 2010, | * |
| 5221 N. O'Connor Blvd., Suite 600 | * |
| Irving, Texas 75039 | * |
|  | * |
|       Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| LAFAYETTE BUILDINGS, LLC | * |
| c/o Duke Realty Corporation | * |
| 600 East 96th Street, Suite 100 | * |
| Indianapolis, Indiana 46240-2182 | * |
| Serve:  Billy B. Ruhling, II, | * |
| Counsel for Defendant | * |
| DiMuroGinsberg, P.C. | * |
| 1101 King St., Suite 610 | * |
| Alexandria, Virginia 22314 | * |
|  | * |
|       Defendant | * |
|  | * |

Case No. 1:15-CV-1442
(CMH|IDD)

VERIFIED COMPLAINT FOR APPOINTMENT
OF A RECEIVER, INJUNCTIVE AND OTHER RELIEF

Plaintiff, U.S. Bank National Association, as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, by C-III Asset Management LLC, a Delaware limited liability company, successor to J.E. Robert Company, Inc., in its capacity as special servicer pursuant to that certain Amended and Restated Pooling and Servicing Agreement dated July 30, 2010 ("Plaintiff" or "Lender"), by counsel, states as follows for its Complaint for Appointment of a Receiver, Injunctive and Other Relief ("Complaint") against Defendant, Lafayette Buildings, LLC ("Defendant" or "Borrower").  Plaintiff seeks the appointment of a receiver for real property owned and operated by Defendant and located in Alexandria, Virginia.  Plaintiff also asks for a temporary restraining order and preliminary and permanent injunctive relief in support of the receivership, and in support of Plaintiff's position as a secured creditor.  The grounds for the appointment of the receiver and other relief are more fully set forth below and in the exhibits hereto.

## JURISDICTION AND VENUE

1.    Plaintiff is a national banking association with its principal place of business in Minneapolis, Minnesota.  For purposes of 28 U.S.C. §§ 1332(a)(1) and 1348, Plaintiff is deemed to be a citizen of the State of Minnesota.

2.    Defendant is a Delaware limited liability company with its principal place of business in Indianapolis, Indiana.  Defendant is the owner, in fee simple, of the real property that is the subject of this action, and which is described in more detail below and in certain instruments appended to this Complaint.  On information and belief, Defendant's members are all citizens of states other than Minnesota.

2

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this receivership proceeding is located in Alexandria, Virginia, which is within the Alexandria Division of this Court. Moreover, Defendant consented to jurisdiction in any federal or state court located in the Commonwealth of Virginia.

5.      This Court has personal jurisdiction over the Defendant pursuant to the provisions of Va. Code Ann. §§ 8.01-328.1.A.1 and 8.01-328.1.A.6, since Defendant has transacted business in, and owns real property located in, the Commonwealth of Virginia. In addition, this Court has personal jurisdiction over the Defendant because the Defendant has consented to jurisdiction in any federal or state court located in the Commonwealth of Virginia.

## BACKGROUND

6.      Defendant is the owner of certain commercial real estate and improvements thereon located at the following addresses: 1500, 1600, 1800 and 2000 North Beauregard, Alexandria, Virginia 22311; 4825 Mark Center Drive, Alexandria, Virginia 22311; 1900 North Beauregard, Alexandria, Virginia 22311; 1701/1705 North Beauregard, Alexandria, Virginia 22311; 1700 North Beauregard, Alexandria, Virginia 22311; and 4900 Seminary Road, Alexandria, Virginia 22311 (collectively, the "Property"). The Property is described in more detail in the Deed of Trust (as hereinafter defined).

7.      Plaintiff, in its capacity as Trustee for the J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series

2007-LDP10 (the "Trust"), is the holder of a Promissory Note dated February 7, 2007 (the "Note"), made by Defendant to the order of JPMorgan Chase Bank, N.A. ("Original Lender"), evidencing a loan in the original principal sum of $203,250,000.00 (the "Indebtedness"). A true and correct copy of the Note is attached hereto marked **Exhibit 1**.

8.      The Note was assigned to Wells Fargo Bank, N.A., as Trustee for the Trust ("Wells Fargo"), pursuant to that certain Allonge dated March 29, 2007 from Original Lender, a true and correct copy of which is attached hereto marked **Exhibit 2**.

9.      The Note was further assigned to Plaintiff pursuant to that undated Allonge from Wells Fargo, a true and correct copy of which is attached hereto marked **Exhibit 3**.

10.      Repayment of the Indebtedness is secured, in part, by that certain Deed of Trust, Security Agreement and Fixture Filing from Defendant to a Trustee for the benefit of Original Lender dated February 7, 2007, and recorded February 13, 2007, as Instrument No. 070003409, among the Land Records of Alexandria, Virginia (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 4**.

11.      The Deed of Trust conveyed into trust and created a security interest in the Property.

12.      The Deed of Trust was assigned to Wells Fargo by Original Lender pursuant to that certain Assignment of Deed of Trust, Security Agreement and Fixture Filing recorded November 20, 2007, as Instrument No. 0700025847, among the Land Records of Alexandria, Virginia (the "Initial Assignment"). A true and correct copy of the Initial Assignment is attached hereto marked **Exhibit 5**.

13.     The Deed of Trust was further assigned to Lender by Wells Fargo by pursuant to that certain Assignment of Deed of Trust, Security Agreement and Fixture Filing recorded August 3, 2010, as Instrument No. 100013121, among the Land Records of Alexandria, Virginia (the "Second Assignment"). A true and correct copy of the Second Assignment is attached hereto marked **Exhibit 6**.

14.     The Indebtedness is further evidenced by that certain Loan Agreement dated February 7, 2007 from Defendant to Original Lender, a true and correct copy of which is attached hereto marked **Exhibit 7**. Lender is the holder of the Loan Agreement pursuant to the assignments of the Note and Deed of Trust referenced above.

15.     Repayment of the Indebtedness is also secured, in part, by that certain Assignment of Leases and Rents dated February 7, 2007, and recorded February 13, 2007, as Instrument No. 070003410, among the Land Records of Alexandria, Virginia (the "Assignment of Rents"). A true and correct copy of the Assignment of Rents is attached hereto marked **Exhibit 8**.

16.     The Assignment of Rents was assigned by Original Lender to Wells Fargo pursuant to that certain Assignment recorded November 20, 2007, as Instrument No. 0700025848, among the Land Records of Alexandria, Virginia (the "Land Records"), a true and correct copy of which is attached hereto marked **Exhibit 9**.

17.     The Assignment of Rents was further assigned by Wells Fargo to Plaintiff pursuant to that certain Assignment recorded August 3, 2010, as Instrument No. 100013122, among the Land Records, a true and correct copy of which is attached hereto marked **Exhibit 10**.

18.     Repayment of the Indebtedness was further secured by that certain Financing Statement No. 07001014 filed February 13, 2007, among the Land Records, securing Original

Lender (the "2007 Financing Statement"). A true and correct copy of the 2007 Financing Statement is attached hereto marked **Exhibit 11**.

19.     The 2007 Financing Statement was assigned by Original Lender to Wells Fargo pursuant to that certain Assignment recorded among the Land Records on January 1, 2008.

20.     The 2007 Financing Statement was amended by that certain Amendment recorded among the Land Records on November 26, 2008.

21.     The 2007 Financing Statement, as amended, was further assigned by Wells Fargo to Plaintiff pursuant to that certain Assignment recorded among the Land Records on August 3, 2010.

22.     Repayment of the Indebtedness was further secured by that certain Financing Statement No. 15001040 filed May 22, 2015, among the Land Records, securing Plaintiff (the "2015 Financing Statement"). A true and correct copy of the 2015 Financing Statement is attached hereto marked **Exhibit 12**.

23.     The Note, the Deed of Trust, the Loan Agreement, the Assignment of Rents, the 2007 Financing Statement, the 2015 Financing Statement, and any and all other documents evidencing the Indebtedness are hereinafter referred to collectively as the "Loan Documents."

24.     Pursuant to the Loan Documents, Defendant granted liens on and security interests in, among other things:

        a.     the Property and all improvements thereon;

        b.     all leases, rents, issues profits, royalties, income and other benefits derived from the Property (the "Rents");

6

      c.     All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code (as hereinafter defined), now owned or hereafter acquired by Borrower(the "Equipment");

      d.     All rights, interests and privileges Defendant has in any leases affecting the Property (the "Leases") and all security deposits in conjunction with the Leases; and

      e.     All proceeds of any sale of the Property (the "Proceeds").

25.     The Property assigned, pledged, and granted by the Deed of Trust and the other Loan Documents and the other property described above is hereinafter referred to collectively as the "Collateral." Plaintiff is the owner, holder, and beneficiary of the Note, the Deed of Trust, the Assignment of Rents and the other Loan Documents, and all rights and remedies thereunder.

26.     Defendant is in default under the Note and the other Loan Documents for, among other things, failing to make the regularly scheduled payment of interest due on September 1, 2015. As a consequence of said default, on October 6, 2015, Plaintiff accelerated the maturity of the Indebtedness and demanded payment in full of all sums outstanding. Despite this demand, Defendant has not paid the Indebtedness, and the entire sum remains due and payable in full.

27.     As of October 14, 2015, Defendant owed Plaintiff the following amounts on account of the Indebtedness:

| | |
|---|---:|
| Principal: | $203,250,000.00 |
| Contract Interest (through 10/14/2015): | 2,253,957.81 |
| Default Interest (through 10/14/2015 | 728,312.50 |
| Late Charges: | 82,945.65 |
| Collection Expenses: | 39,942.58 |
| Total: | $206,355,158.54 |

28.     Additional interest has accrued and will continue to accrue on the unpaid principal balance of the Indebtedness at the default rate of 8.323% *per annum* or $46,990.27 per *diem* for each and every day from and after October 14, 2015 until date of payment.  Plaintiff has incurred and will continue to incur additional costs, expenses and fees, including attorney's fees, which are all recoverable under the Note, the Deed of Trust and the other Loan Documents.

29.     Defendant continues to be in default of its obligations under the Loan Documents.

30.     As a result of the defaults by Defendant, Plaintiff has the right to begin foreclosure proceedings against the Property and the Collateral, and to sell the Property and the Collateral pursuant to the power of sale contained in the Deed of Trust and granted by Defendant.

31.     As a result of the defaults by Defendant, Defendant's license to collect rents from all tenants of the Property has terminated, and Plaintiff has the right to take control of and collect all such rents, either directly or through the appointment of a receiver over the Property.

### COUNT I
### (Contractual Right to Receivership)

32.     Plaintiff repeats and realleges herein the allegations set forth in paragraphs 1 through 31 hereof.

33.     Section 7.1(h) of the Deed of Trust provides that, upon the occurrence of a default under the Note and the Deed of Trust, the Defendant's license to manage the Property and to collect Rents shall be revoked, and the "Lender may, subject to the rights of Tenants and third parties under any Lease or reciprocal easement or similar agreement, enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Borrower and its agents and servants therefrom, without liability for trespass, damages or otherwise and

8

exclude Borrower and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Borrower agrees to surrender possession of the Property and of such books, records and accounts to Lender upon demand," and take other actions specified in this Section to manage and operate the Property for the purpose of collecting the Indebtedness.

34.    Section 7.1(g) of the Deed of Trust further provides that, upon the occurrence of a default under the Note and the Deed of Trust, Plaintiff may "apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor, indemnitor with respect to the Loan or of any Person, liable for the payment of the Debt."

35.    Section 3.1 of the Assignment of Rents further provides that, upon the occurrence of an event of default under the Note and the Loan Documents, Defendant's license to collect rents shall terminate, "and Lender shall immediately be entitled to possession of all Rents and sums due under any Lease Guaranties, whether or not Lender enters upon or takes control of the Property. In addition, to the extent permitted by applicable law, Lender may, at its option, without waiving such Event of Default, without regard to the adequacy of the security for the Debt, either in person or by agent, nominee or attorney, with or without bringing any action or proceeding, or by a receiver appointed by a court, dispossess Borrower and its agents and servants from the Property, without liability for trespass, damages or otherwise and exclude Borrower and its agents or servants wholly therefrom, and take possession of the Property and all books, records and accounts relating thereto and have, hold, manage, lease and operate the

9

Property on such terms and for such period of time as Lender may deem proper and either with or without taking possession of the Property in its own name."

36. Pursuant to the aforementioned provisions of the Deed of Trust and Assignment of Rents, Plaintiff has the right to have a receiver appointed to operate and manage the Property and to safeguard the Collateral pending a foreclosure sale. Plaintiff seeks immediate appointment of a receiver for the Property which is necessary and desirable to protect the liens and encumbrances of the Deed of Trust and the other Loan Documents with respect to the Collateral, and to preserve and protect the Collateral against damage, loss, waste or destruction, pending foreclosure of the Property by a Substitute Trustee to be appointed by the Plaintiff for this purpose.

37. Plaintiff lacks an adequate remedy at law. Plaintiff will suffer irreparable harm if a receiver is not appointed to take possession and control of the Collateral because it will not be able to ensure that its Collateral is being used to maintain and safeguard the Property and to service the indebtedness.

38. Plaintiff requests that CBRE, Inc. (the "Receiver") be appointed receiver for the Collateral. The Receiver has substantial experience and knowledge in handling matters related to receiverships in general, and to the management and preservation of commercial real property in particular, as is evidenced by the Affidavit of Kelly Enright which is appended hereto marked **Exhibit 13**. The Receiver is fit and proper to act as receiver herein; the Receiver holds no interests that would interfere with the proper performance of its duties as a receiver in this case; and the Receiver is willing to serve as receiver.

39.     The relief requested is warranted in light of the continuing defaults by Defendant, the condition and risk to the Collateral, the clear contractual entitlement to the appointment of a receiver as set forth in the Loan Documents, and the pending foreclosure sale.

40.     Plaintiff will suffer immediate, irreparable, and material loss and injury unless a receiver is immediately appointed.

41.     As is evidenced by the statement of Billy B. Ruhling, II, counsel for the Defendant, a true and correct copy of which is attached hereto marked **Exhibit 14**, the Defendant has consented to the relief requested by the Plaintiff in this Complaint and to the appointment of CBRE as receiver.

## COUNT II
### (Preliminary and Permanent Injunction)

42.     Plaintiff repeats and realleges herein the allegations set forth in paragraphs 1 through 41 hereof.

43.     Under the Note, the Deed of Trust and the Assignment of Rents, Plaintiff is entitled to all rents, issues and profits arising from the Property and is similarly entitled to possession of all records of the Defendant relating to the operation and management of the Property, including all leases, contracts, and invoices.

44.     Plaintiff seeks and is entitled to a preliminary and permanent injunction under the Deed of Trust ordering Defendant to turn over all rents, issues and profits arising from the Property, ordering Defendant to release all records relating to the Property, and ordering Defendant to release all contracts, agreements, permits, licenses, drawings, specifications and other items relating to the Property.

11

45. Plaintiff further seeks an order enjoining Defendant from interfering with its rights under the Deed of Trust, and from interfering with any Receiver appointed by the Court.

46. Plaintiff will suffer irreparable harm if the relief sought herein is not granted.

47. Plaintiff lacks an adequate remedy at law.

48. As asserted in paragraph 41 above, Defendant has consented to the relief requested in this Complaint.

**WHEREFORE,** the Plaintiff, U.S. Bank National Association, as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10, by C-III Asset Management LLC, a Delaware limited liability company, successor to J.E. Robert Company, Inc., in its capacity as special servicer pursuant to that certain Amended and Restated Pooling and Servicing Agreement dated July 30, 2010, requests:

A. That this Court appoint CBRE, Inc. as the receiver of the Property and Collateral;

B. That this Court authorize and empower said Receiver to manage the Property and the Collateral on behalf of Plaintiff and Defendant, and to take any and all actions as it may deem necessary and proper to manage, lease, insure and protect the Collateral; to preserve and protect the Collateral against vandalism, theft, burglary, and unauthorized intrusion or trespass by any third party and against destruction or damage by fire, water or the elements; to collect the rents and profits of the Collateral and to use the same and such other funds as may become available to said Receiver, by way of advancement or otherwise, in the payment of the expenses of said Receivership and the management and operation of the Property; to hire a new management company to preserve and protect the Collateral, and through such company to hire

new attorneys, accountants, bookkeepers, real estate brokers, maintenance personnel, groundskeepers, secretaries, cooks, auctioneers, electricians, plumbers, management agents, advertisement and media representatives, and such other related employees and independent contractors, and to procure such policies of insurance, as it may deem necessary and appropriate to the proper management, operation, protection and/or preservation of the Collateral, and to the collection of the profits therefrom;

      C.     That this Court declare and determine the rights of the parties under the Note, the Deed of Trust and the other Loan Documents, and in so doing determine that Plaintiff is entitled to exercise all of its rights and remedies under the Deed of Trust and the Assignment of Rents, including the assumption of control of the Property;

      D.     That this Court grant Plaintiff's motion for a temporary restraining order and preliminary and permanent injunction under the Deed of Trust, ordering Defendant to turn over all rents, issues and profits arising from the Property, and similarly decreeing that the fee owner, operators, and managers of the Property and the Collateral and all other persons (including owner's accountants) shall relinquish possession of the Property and the Collateral, and turn over to said Receiver all books, records (including all documents reflecting notes, loans, leases, claims, or contracts held by defendants with respect to the Property and the Collateral), ledgers, check books, accounting and bookkeeping files, inventory list, rent rolls or lists, orders, agreements, service contracts, vendor agreements, municipal notices, post office boxes, trust boxes, safety deposit boxes, all relating to the operation of the Property or any of its facilities and to the Collateral, immediately upon entry of this Order and service of a copy of this Order upon the Defendant;

E.    That this Court award attorney's fees and all related collection and enforcement costs incurred by Plaintiff, as provided for in the Note and the Deed of Trust; and

F.    That this Court grant such other and further relief as is necessary and appropriate.

Respectfully submitted,

Richard E. Hagerty, VSB No. 47673
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
(703) 734-4326
(703) 448-6520 (fax)
richard.hagerty@troutmansanders.com

Mary C. Zinsner, VSB No. 31397
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
(703) 734-4363
(703) 734-4340 (fax)
mary.zinsner@troutmansanders.com

*Attorneys for Plaintiff*

## **UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am Steve Luther of C-III Asset Management

LLC, a Delaware limited liability company, successor to J.E. Robert Company, Inc., special

servicer pursuant to that certain Amended and Restated Pooling and Servicing Agreement dated

July 30, 2010, and the authorized agent of U.S. Bank National Association ("Lender"), Trustee

for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-

LDP10 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP10 (the "Trust"), that

I have read the allegations set forth above in the Complaint, and that to the best of my

information and belief such representations are true and accurate.


**U.S. BANK NATIONAL ASSOCIATION**, successor to
Wells Fargo Bank, N.A., as Trustee for the registered holders
of J.P. Morgan Chase Commercial Mortgage Securities Trust
2007-LDP10, Commercial Mortgage Pass-Through
Certificates, Series 2007-LDP10

By:    C-III Asset Management LLC, a Delaware limited
       liability company, successor to J.E. Robert Company,
       Inc., in its capacity as special servicer pursuant to
       that certain Amended and Restated Pooling and
       Servicing Agreement dated July 30, 2010

By: _____

Name:  Steve Luther
Title:  Servicing Officer

Date:_____10/30/15_____